UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br>　vs.<br>ROBIN MULLER,<br>　　Defendant. | NO. CR-94-0224-JLQ<br>ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA |

On December 5, 2007, a hearing was held on Defendant's Motion to Withdraw Guilty Plea (Ct. Rec. 53). The Defendant appeared in person with his attorney, Bryan P Whitaker. The Government was represented by Thomas Rice, Assistant United States Attorney. The following order is intended to memorialize and supplement the oral ruling of the court.

On May 19, 1995, Defendant entered a guilty plea to Conspiracy to Distribute over five kilograms of cocaine. The Defendant absconded prior to his sentencing hearing in 1995. On June 6, 2006, the Defendant was arrested in New Zealand and extradited at the request of the United States. Twelve years after his guilty plea and now prior to sentencing, the Defendant seeks to withdraw from that guilty plea, claiming that he is innocent and that he plead guilty only because of threats he had received and out of fear those threats might result in his death.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw from a plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Although the burden is on the defendant to demonstrate a fair and just reason to withdraw from the plea, this standard is to be applied liberally. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). The defendant need not show that the plea itself was invalid in order to prevail. *Id.* at 806.

ORDER - 1

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). A mere change of heart about the decision to plead guilty is not a "fair and just reason." *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987).

At the change of plea hearing, when asked by the court whether anyone had threatened, intimidated or pressured the Defendant to plead guilty he responded, "No." Defendant's statements at a guilty plea hearing are presumed to be true. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Unsupported subsequent allegations are insufficient to overcome representations at the hearing. *Id.* at 74. After review of the plea agreement and the transcript of the entire plea colloquy, the court finds Defendant's plea of guilty was not coerced, but was freely, voluntarily, and knowingly made. At the time of Muller's plea of guilty on May 19, 1995, Judge Nielsen made a finding that the plea was voluntary and was not induced by fear, coercion, or ignorance. Ct. Rec. 23.

However, the fact that a plea is voluntary, knowing, and intelligent does not foreclose an attempt to withdraw it prior to sentencing as the "fair and just reason" standard is more generous than the standard for determining whether a plea is invalid. *U.S. v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005). The court has also considered whether the Defendant's claim of legal innocence provides a "fair and just reason" for withdrawal. Defendant's declaration asserts the government lacked sufficient evidence to convict him of the charge he pleaded guilty to. While the Defendant continues to admit having supplied cocaine to Terry Brousseau, Gary Alley, and James Larsen (see Ct. Rec. 54 [Decl. of Robin Muller] at ¶¶ 10, 21, 22.), he now denies having participated in a conspiracy or having supplied cocaine in the *amount* he was charged with. Ct. Rec. 54 [Decl. of Robin Muller] at ¶ 10. The factual record and Defendant's own admissions twelve years ago belie his claim of innocence. During his change of plea the Defendant

ORDER - 2

was specifically asked whether he stipulated to the fact that the quantity of cocaine was in excess of five kilograms, to which he responded, "That is right." The considerable twelve-year delay in the assertion of his innocence and motion to withdraw also militates against permitting withdrawal of the plea. The court rejects the credibility of the Defendant's unsupported protest of innocence. A defendant's change of heart and claim of innocence, unsupported by evidence, is not a fair and just reason for allowing withdrawal of a guilty plea. *United States v. Turner*, 898 F.2d 705, 713 (9th Cir.), cert. denied, 495 U.S. 962 (1990), 110 S.Ct. 2574, 109 L.Ed.2d 756.

Accordingly, the court finds there is not a fair and just reason to permit the Defendant to withdraw his guilty plea and IT IS HEREBY ORDERED that Defendant's Motion to Withdraw Guilty Plea (Ct. Rec. 53) is **DENIED**.

The Clerk of this court shall enter this Order and forward copies to counsel.

**DATED** this 6th day of December, 2007.

                        s/ Justin L. Quackenbush
                        JUSTIN L. QUACKENBUSH
               SENIOR UNITED STATES DISTRICT JUDGE