UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. CR-94-00224-JLQ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| ROBIN MULLER, | ) | |
| | ) | |
| Defendant. | ) | |

BEFORE THE COURT is the Defendant, Robin Muller's, Motion to Reduce Sentence (ECF No. 78). The Government has filed a Response (ECF No. 84), and Defendant has filed a Reply (ECF No. 85).

**I. Introduction and Background**

In May 1995, Defendant pled guilty to conspiracy to distribute over five kilograms of powder cocaine. While on release pending sentencing, Defendant fled the country and was not found and arrested until 2006, when he was living in New Zealand. After extradition, he appeared again before the court and sought to withdraw his plea of guilty, which the court denied. Defendant was sentenced on December 5, 2007 to a term of 151-months imprisonment. Defendant challenged this court's denial of his Motion to Withdraw Plea of Guilty and his sentence on appeal. The conviction and sentence were affirmed by the Ninth Circuit in its Opinion of December 30, 2008. (ECF No. 76).

Defendant has now filed the instant Motion, purportedly pursuant to 18 U.S.C. § 3582, seeking to reduce his sentence. Defendant first argues that application of a 2-level enhancement for obstruction of justice in calculating his Guidelines range was error. He argues that "mere flight" does not justify the enhancement. Second, he argues that his sentence violates the United States extradition treaty with New Zealand. Third, Defendant argues the court should consider his post-conviction rehabilitation and impose

ORDER - 1

a lower sentence. And finally, Defendant argues that amendments to the crack/cocaine Guidelines, including the Fair Sentencing Act of 2010 require that his sentence be reduced.

The Government opposes the Motion. The Government argues that amendments to the crack Guidelines are of no impact because Defendant's conviction concerned powder cocaine. The Government additionally argues that the obstruction of justice enhancement for absconding post-conviction and pre-sentencing is appropriate. Third, the Government argues that no treaty violation occurred, and fourth, Defendant's rehabilitative conduct is not a basis for a sentence reduction.

**II. Discussion**

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007); 18 U.S.C. § 3582(c)(stating, "The court may not modify a term of imprisonment once it has been imposed except..." and delineating specified exceptions). "District courts do not have inherent authority to resentence defendants at any time." *United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002). The general principle that a court may not alter a term of imprisonment once imposed, is subject to certain exceptions. However, the Government argues that Defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2), which is the provision relied upon in Defendant's Motion. The Government argues Defendant does not fall within the terms of the statute, which states in relevant part: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has **subsequently been lowered** by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion by defendant..." § 3582(c)(2)(emphasis supplied). Defendant relies on amendments which lowered the crack-to-cocaine ratio for the purposes of calculating offense level. As Defendant's offense involved powder cocaine, the Guidelines have not "subsequently been lowered" as to his offense. Defendant's reliance on the Fair Sentencing Act amendments is misplaced. Defendant has not demonstrated that his sentencing range "has subsequently been lowered by the

ORDER - 2

Sentencing Commission" and thus is entitled to no relief under 18 U.S.C. § 3582(c)(2).

Further, Defendant's argument concerning whether the obstruction of justice 2-level enhancement was appropriate is untimely. Defendant has already challenged his sentence on direct appeal. See Ninth Circuit Memorandum Opinion at ECF No. 76, p. 3 ("Muller also challenges his sentence on several grounds."). Defendant's argument that his escape from the country is not obstruction of justice is meritless. Application Note 4(E) to USSG 3C1.1 provides that the enhancement applies to "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." Avoiding or fleeing from the initial arrest, is normally not obstruction of justice. Here, Defendant fled the country <u>after</u> his guilty plea and <u>willfully failed to appear</u> for his sentencing.

Defendant's instant Motion also argues that applying the enhancement violated the extradition treaty with New Zealand. This exact argument has been previously made and rejected by the Ninth Circuit. The Ninth Circuit stated: "There is no merit to Muller's contention that the sentence enhancement for obstructing justice violated the extradition treaty between the United States and New Zealand because he was not extradited for that crime." (ECF No. 76, p. 4). The Ninth Circuit further stated: "[T]he enhancement Muller challenges was part of his punishment for his drug offense, and not a punishment for the separate crime of obstruction of justice. That punishment accordingly did not violate the extradition treaty." (*Id*. at 5).

Lastly, Defendant's post-sentencing rehabilitative conduct is not grounds for a reduction in sentence. Defendant has apparently taken several courses while incarcerated and obtained his GED. If a defendant is before the court for resentencing, the court may consider a defendant's post-sentencing rehabilitative conduct. See *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011)("when a defendant's sentence has been set aside on appeal and the case remanded for a resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range.").

ORDER - 3

Defendant's sentence has not been set aside on appeal, but rather has been affirmed by the Ninth Circuit. Defendant has provided no legal basis for a resentencing hearing. Post-sentencing rehabilitative conduct in itself does not entitle Defendant to a resentencing hearing.

**IT IS HEREBY ORDERED**:

1. The Motion to Reduce Sentence (ECF No. 78) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to file this Order and furnish copies to counsel and to Defendant Robin Muller and to close this file.

**DATED** this 14th day of March, 2013.

                    s/ Justin L. Quackenbush
                 JUSTIN L. QUACKENBUSH
           SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4